IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**LISA YEAGER,**

    Plaintiff

    v.

**GEISINGER CLINIC, and**
**GEISINGER MEDICAL CENTER,**
    **Defendants**

JURY TRIAL DEMANDED

No.

# COMPLAINT

## I.  JURISDICTION

1. This action is authorized, initiated, founded upon, and arises under the provisions of federal law, Title I of the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. § 2601 *et seq.* Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

2. The jurisdiction of this Court is invoked pursuant to the provisions of 42 U.S.C. § 12101 *et seq,*; and, 29 U.S.C. § 2617(a)(2), as well as its jurisdiction over pendent state claims.

3. The amount in controversy in this matter exceeds seventy five thousand dollars ($75,000.00).

1

4.  The violations of the Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

## II.  PARTIES

5.  The Plaintiff, Lisa Yeager, is an adult individual and a legal resident of the United States and the Commonwealth of Pennsylvania and resides at 522 S. Main Street Pittston, PA.

6.  Defendants Geisinger Clinic and Gesinger Medical Center, hereafter collectively referred to as "Defendant" are non-profit corporations constituted by the laws of the Commonwealth of Pennsylvania with their registered offices located at 100 N. Academy Avenue, Danville, Montour County, PA 17822 and places of business located at 531 Mount Pleasant Drive, Scranton, Lackawanna County, PA 18503.

7.  At all times material hereto, Defendant was, and is, an employer within the meaning of the FMLA, in that Defendant, at all times material hereto, was engaged in an industry affecting commerce, and has employed fifty (50) or more employees for every working day in each of twenty (20) or more calendar weeks in the current and preceding calendar year, as defined by the Family and Medical Leave Act of 1993 (hereinafter FMLA), 29 USC §2611(4).

## III. RIGHT OF EQUITABLE RELIEF

8. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is Plaintiff's only means of securing adequate relief.

## IV. JURY TRIAL DEMANDED

9. Plaintiff demands trial by jury on this Complaint.

## V. FACTUAL ALLEGATIONS

10. At all times material hereto, Plaintiff was a part-time phlebotomist II employed by Defendant commencing on or about January 4, 2016 and performed her services for Defendant at its location at 531 Mount Pleasant Drive, Scranton, Lackawanna County, PA 18503.

11. Plaintiff suffered from nerve damage due to an injury to her jaw, which was symptomized by vision loss, headaches and nausea, and for which she received continuing treatment by a health care provider.

12. The aforesaid condition was a serious health condition, as defined by the FMLA, 29 USC §2611, 29 USC §2612(a)(1)(D) and 29 CFR §825.115(a) and (c), for which Plaintiff was under regular treatment by a health care provider.

13. As of January 4, 2017, Plaintiff was eligible for leave under the FMLA.

14. On or about April 25, 2017, Plaintiff made application for intermittent medical leave pursuant to the FMLA, commencing on April 25, 2017.

15. Plaintiff had been employed by Defendant for at least 1250 hours of service during the twelve (12) month period preceding the commencement of the requested leave.

16. On May 22, 2017 the Defendant retroactively approved Plaintiff's request for intermittent medical leave for a six month period, to expire November 22, 2017.

17. Subsequently, in the summer of 2017, Plaintiff suffered from an additional serious health condition, which necessitated gall bladder surgery.

18. For the serious health condition which necessitated gall bladder surgery, Plaintiff was entitled to medical leave under the FMLA, which she sought from Defendant, and which Defendant granted.

19. Plaintiff returned to her employment on October 2, 2017 following her leave for the gall bladder surgery and one week of vacation.

20. Immediately after her return from her leave for the gall bladder surgery and one week of vacation, on October 4, 2019, Plaintiff was given by Defendant a set of written expectations which Defendant described as the final step prior to termination if Plaintiff did not comply. A copy of the expectations is attached hereto and made a part hereof as Exhibit A.

21. Paragraph 5 of the expectations stated:

> Calling off: To eliminate any confusion or concerns, Lisa is to call off directly to her immediate supervisor, Karen Rencavage, at least two hours prior to the start of her scheduled shift. Karen's phone number has been provided to Lisa. Lisa must talk to Karen directly for any call off. This includes whole shift absence and tardiness on any shift. Failure to follow the call off policy will result in termination of employment.

4

22. These expectations, and particularly the call off provisions of Paragraph 5, were imposed upon Plaintiff by Defendant on account of her recourse to leave under the FMLA and in retaliation therefor.

23. These expectations, and particularly the call off provisions of Paragraph 5, were inconsistent with policies established by Defendant for all employees in Plaintiff's department, were not employer, department, nor site wide, and were directed exclusively at Plaintiff.

24. The threat of termination included in the aforesaid expectations was inconsistent with the attendance disciplinary policies of Defendant, and particularly Laboratory Administration Policy 004: Attendance Standards, cited in the aforesaid expectations, and attached hereto and made a part hereof as Exhibit B.

25. The aforesaid threat of termination was imposed upon Plaintiff by Defendant on account of her recourse to leave under the FMLA and in retaliation therefor.

26. On October 16, 2017, Plaintiff was ill and incapacitated on account of her serious health condition for which she was entitled to FMLA medical leave.

27. On October 16, 2017, in conformity with the aforesaid expectations, directly called her supervisor multiple times (including one call to the place of employment itself) to apprise her of her absence, but the supervisor did not take her call.

28. Plaintiff thereupon sent her supervisor a text message apprising her of her absence and informed Defendant's FMLA contract administrator (Matrix) of the FMLA eligible absence at the same time.

29. Plaintiff was late to work on October 17, 2018 due to an FMLA eligible health care provider appointment.

30. Plaintiff was unable to use her cell phone for voice communications from the health care provider's office, but she did send a prompt text message to her supervisor apprising her of her delay due the appointment, and notified Defendant's FMLA contract administrator (Matrix) as well.

31. At the end of the health care appointment on October 17, 2017, Plaintiff did speak with her supervisor on the telephone and properly advised her of her circumstances.

32. Defendant terminated Plaintiff's employment on October 19, 2017 purportedly on account of absenteeism and failure to comply with the call off provisions of the aforesaid expectations.

33. Defendant violated the provisions of the FMLA by failing and refusing to return Plaintiff to her former employment upon her return from FMLA leave.

34. The call off procedures mandated in the aforesaid expectations discriminated against Plaintiff on account of Plaintiff's recourse to the FMLA, which illegitimately interfered with and obstructed Plaintiff's rights under the FMLA.

35. The termination of Plaintiff's employment by the Defendant was in retaliation for Plaintiff seeking medical leave under the FMLA.

36. Defendant's actions were in willful violation of the FMLA.

## VI. CAUSES OF ACTION

### COUNT I

### FAMILY AND MEDICAL LEAVE ACT

### 29 U.S.C. §2601 et seq.

### FAILURE TO RESTORE TO FORMER EMPLOYMENT

37. Paragraphs 1 through 36 of this Complaint are incorporated herein by reference as though set forth in full.

38. Defendant violated the FMLA by failing to restore Plaintiff to her former employment upon her return from qualified and agreed medical leave under the FMLA.

39. As a result of the actions of Defendant, Plaintiff has suffered monetary losses, including, but not limited to, loss of wages and employment benefits.

40. The aforesaid actions and omissions by Defendant are in violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601 et seq.)

41. The acts and omissions of Defendant were willful.

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

    a. That this court order reinstatement of the Plaintiff to Plaintiff's former employment with Defendant or in a position substantially equivalent to the former employment, without loss of seniority or other benefits which would have accrued had there not been a wrongful termination; or, in the alternative, entry of a money judgment

against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been a wrongful obstruction and/or interference with her rights under the FMLA, together with interest on said amount from the date of Plaintiff's termination;

  b. That this Honorable Court enter a permanent injunction against Defendant enjoining the Defendant from discrimination against Plaintiff for taking of medical leave under the FMLA; claiming rights under the FMLA; or, bringing this action;

  c. That this Honorable Court order the Defendant to pay Plaintiff liquidated damages;

  d. That this Honorable Court order the Defendants to pay Plaintiff reasonable attorney's fees and costs in pursuit of this action; and,

  e. That this Honorable Court award such other relief as may be just and equitable.

## COUNT II

## FAMILY AND MEDICAL LEAVE ACT

## 29 U.S.C. §2601 et seq.

## RETALIATION

42. Paragraphs 1 through 41 of this Complaint are incorporated herein by reference as though set forth in full.

43. Defendant violated the FMLA by retaliating against Plaintiff for her exercise of or the attempt to exercise rights under the FMLA, as prohibited by 29 USCA §2615, by terminating Plaintiff on account of her taking FMLA leave.

44.    As a result of the actions of Defendant, Plaintiff has suffered monetary losses, including, but not limited to, loss of wages and employment benefits.

45.    The aforesaid actions and omissions by Defendant are in violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601 et seq.)

46.    The acts and omissions of Defendant were willful.

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

a.    That this court order reinstatement of the Plaintiff to Plaintiff's former employment with Defendant or in a position substantially equivalent to the former employment, without loss of seniority or other benefits which would have accrued had there not been a wrongful termination; or, in the alternative, entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been a wrongful obstruction and/or interference with her rights under the FMLA, together with interest on said amount from the date of Plaintiff's termination;

b.    That this Honorable Court enter a permanent injunction against Defendant enjoining the Defendant from discrimination against Plaintiff for taking of medical leave under the FMLA; claiming rights under the FMLA; or, bringing this action;

c.    That this Honorable Court order the Defendant to pay Plaintiff liquidated damages;

d.    That this Honorable Court order the Defendants to pay Plaintiff reasonable attorney's fees and costs in pursuit of this action; and,

  e. That this Honorable Court award such other relief as may be just and equitable.

## COUNT III

## FAMILY AND MEDICAL LEAVE ACT

## 29 U.S.C. §2601 et seq.

## INTERFERENCE AND OBSTRUCTION

47. Paragraphs 1 through 46 of this Complaint are incorporated herein by reference as though set forth in full.

48. Defendant violated the FMLA by interfering with, restraining, and denying the exercise of or the attempt to exercise rights under the FMLA, as prohibited by 29 USCA §2615, by terminating Plaintiff on account of absences for which she was entitled to FMLA leave.

49. As a result of the actions of Defendant, Plaintiff has suffered monetary losses, including, but not limited to, loss of wages and employment benefits.

50. The aforesaid actions and omissions by Defendant are in violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601 et seq.)

51. The acts and omissions of Defendant were willful.

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

  a. That this court order reinstatement of the Plaintiff to Plaintiff's former employment with Defendant or in a position substantially equivalent to the former employment, without loss of seniority or other benefits which would have accrued had there not been a wrongful termination; or, in the alternative, entry of a money judgment

against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been a wrongful obstruction and/or interference with her rights under the FMLA, together with interest on said amount from the date of Plaintiff's termination;

      b.    That this Honorable Court enter a permanent injunction against Defendant enjoining the Defendant from discrimination against Plaintiff for taking of medical leave under the FMLA; claiming rights under the FMLA; or, bringing this action;

      c.    That this Honorable Court order the Defendant to pay Plaintiff liquidated damages;

      d.    That this Honorable Court order the Defendants to pay Plaintiff reasonable attorney's fees and costs in pursuit of this action; and,

      e.    That this Honorable Court award such other relief as may be just and equitable.

RESPECTFULLY SUBMITTED:

By:    /s/ Kimberly D. Borland
        KIMBERLY D. BORLAND, ESQUIRE
        11th Floor, 69 Public Square
        Wilkes-Barre, PA 18701
        (570) 822-3311
        Attorney ID.#23673
        kborland@borlandandborland.com
        Attorney for Plaintiff

# **VERIFICATION**

I, LISA YEAGER, verify that the averments made in the foregoing Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

_____
LISA YEAGER

Date: 09-25-19